IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY LEE WELLS JR.,<br><br>Defendant. | CR 20-36-GF-BMM-JTJ<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Terry Lee Wells Jr., (Wells) has been accused of violating conditions of his supervised release. (Doc. 46). Wells admitted to the alleged violations. Wells's supervised release should be revoked. Wells should be sentenced to custody for a term of 4 months, with 56 months of supervised release to follow. During the first sixty (60) days of supervised release, the Defendant shall be placed in a secure, in-patient substance abuse treatment facility such as Connections Corrections at the direction of his probation officer.

## II.  Status

Wells pled guilty on August 17, 2020, to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B)(viii) and 18 U.S.C. § 2 as charged in Count 2 of the Indictment. (Doc. 22). Wells was sentenced to 66 months of custody, followed by five years of supervised release. (Doc. 42). Wells's current term of supervised release began on June 9, 2025.

**Petition**

On October 14, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Wells's supervised release. (Doc. 46). The Petition alleged Wells violated conditions of his supervised release by: (1) testing positive for methamphetamine on July 25, 2025; (2) testing positive for methamphetamine on August 28, 2025; (3) failing to comply with substance abuse treatment on September 2, 10, 17, 18 and 24 of 2025; and (4) failing to report to the probation office as directed on October 3, 2025.

**Initial Appearance**

Wells appeared before the Court on November 6, 2025. Wells was represented by counsel. Wells stated that he had read the Petition and that he understood the allegations against him. Wells waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Wells appeared before the Court on November 6, 2025. Wells admitted that he had violated the conditions of supervised release as set forth as allegations 1-4 in

the Petition. Wells's violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Wells appeared before the Court on November 6, 2025. Wells's violations are Grade C. His criminal history category is IV. Wells's underlying offense is a Class B felony. Wells could be incarcerated for up to 36 months. Wells could be ordered to remain on supervised release for 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Wells's supervised release should be revoked. Wells should be sentenced to custody for a term of 4 months, with 56 months of supervised release to follow. During the first sixty (60) days of supervised release, the Defendant shall be placed in a secure, in-patient substance abuse treatment facility such as Connections Corrections at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Wells that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Wells of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Wells that Judge Morris would consider a

timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That TERRY LEE WELLS JR. has violated the conditions of his supervised release by: (1) testing positive for methamphetamine on July 25, 2025; (2) testing positive for methamphetamine on August 28, 2025; (3) failing to comply with substance abuse treatment on September 2, 10, 17, 18 and 24 of 2025; and (4) failing to report to the probation office as directed on October 3, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Wells's supervised release and sentence Wells to custody for a term of for a term of 4 months, with 56 months of supervised release to follow. During the first sixty (60) days of supervised release, the Defendant shall be placed in a secure, in-patient substance abuse treatment facility such as Connections Corrections at the direction of his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of November 2025.

John Johnston
United States Magistrate Judge