IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY LEE WELLS JR.,<br><br>Defendant. | CR 20-36-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Terry Lee Wells Jr., (Wells) has been accused of violating conditions of his supervised release. (Docs. 61 and 69). Wells admitted most of the alleged violations. Wells's supervised release should be revoked. Wells should be sentenced to custody Wells to custody until December 23, 2026, at noon, followed by 51 months of supervised release to follow.

## II. Status

Wells pled guilty on August 17, 2020, to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 2 as charged in Count 2 of the Indictment. (Doc. 22). Wells was sentenced to 66 months of custody, followed by five years of supervised

release. (Doc. 42). Wells's current term of supervised release began on February 20, 2026.

**Petition**

On May 5, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Wells' supervised release. (Doc. 61). The Petition alleged Wells violated conditions of his supervised release by: (1) testing positive for marijuana on February 23, 2026; (2) signing out of treatment at Connections Corrections on April 11, 2026 without the permission of his probation officer; and (3) consuming alcohol on April 12, 2026.

**Initial Appearance**

Wells appeared before the Court on June 3, 2026. Wells was represented by counsel. Wells stated that he had read the Petition and that he understood the allegations against him. Wells waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Wells appeared before the Court on June 3, 2026. Wells admitted that he had violated the conditions of supervised release as set forth as allegations 1-3 in the Petition. Wells's violations are serious and warrant revocation of his supervised release. Wells sentencing was continued until September 15, 2026, at 10:30 a.m.

**Amended Petition**

On June 23, 2026, the United States Probation office filed an Amended Petition requesting that the Court revoke Wells' supervised release. (Doc. 69). The Amended Petition alleged Wells had additionally violated the conditions of his supervised release by: (4) committing another federal, state or local crime by being charged on June 15, 2026 with two counts of the misdemeanor offense of Partner or Family Member Assault, in violation of Mont. Code Ann. § 45-5-206(1)(c) and eight counts of the misdemeanor offense of Endangering the Welfare of Children, in violation of Mont. Code Ann. § 45-5-622(4)(a); and (5) consuming alcohol on June 15, 2026.

**Second Initial Hearing**

Wells appeared before the Court on August 11, 2026. Wells was represented by counsel. Wells stated that he had read the Petition and that he understood the allegations against him. Wells waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation hearing**

Wells appeared before the Court on August 11, 2026. The Court noted that Wells had previously admitted that he had violated the conditions of supervised release as set forth as allegation 1-3 in the Amended Petition. The Government

requested the hearing be continued. The Court continued the hearing until August 18, 2026 at 10:30 a.m.

**Third Revocation hearing**

Wells appeared before the Court on August 18, 2026. The Court noted that Wells had previously admitted that he had violated the conditions of supervised release as set forth as allegation 1-3 in the Amended Petition. Wells then admitted that he had violated the conditions of his supervised release as set forth in allegation (5). The Government moved to dismiss allegation (4), which the Court granted. Wells' admitted violations, 1-3, and 5, are serious and warrant revocation of Wells' supervised release.

**Sentencing hearing**

Wells appeared before the Court on August 18, 2026. Wells's violations are Grade C. His criminal history category is IV. Wells's underlying offense is a Class B felony. Wells could be incarcerated for up to 36 months. Wells could be ordered to remain on supervised release for 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Wells's supervised release should be revoked. Wells should be sentenced to custody until December 23, 2026, at noon,

followed by 51 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Wells that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Wells of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Wells that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That TERRY LEE WELLS JR. has violated the conditions of his supervised release by: (1) testing positive for marijuana on February 23, 2026; (2) signing out of treatment at Connections Corrections on April 11, 2026, without the permission of his probation officer; (3) consuming alcohol on April 12, 2026; and (5) consuming alcohol on June 15, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Wells's supervised release and sentence Wells to custody until December 23, 2026, at noon, followed by 51 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of August 2026.

John Johnston
United States Magistrate Judge